[No. 4713.    Decided September 29, 1903.]

A. E. RUSSELL, *Respondent,* v. CHARLES F. GAY *et al., Appellants.*[1]

EJECTMENT—AFFIRMATIVE DEFENSE—SUFFICIENCY OF EVIDENCE. In an action of ejectment where defendants set up as an affirmative defense that they were in possession under a contract to purchase from the plaintiff, the plaintiff makes out a *prima facie* case by showing that the defendants were originally in possession under a contract to purchase from a third party, borrowed money to make improvements, and were in default, and assigned their contract to the plaintiff, who purchased the property from the third party to protect the advances made, and that defendants failed to consummate an agreement to repurchase the property

[1]Reported in 73 Pac. 795.

from plaintiff; and defendants failing to establish their affirmative defense by a preponderance of the testimony, findings for the plaintiff will be sustained.

TRIAL—ORDER OF PROOF—APPEAL—HARMLESS ERROR.  The refusal of the court to permit a witness to answer certain questions is not reversible error in a cause tried without a jury, where the witness was afterwards permitted to fully answer the same.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered January 21, 1903, upon findings in favor of plaintiff, after a trial on the merits before the court without a jury.  Affirmed.

*L. H. Prather,* for appellants.

*Post, Avery & Higgins,* for respondent.

FULLERTON, C. J.—This action was begun as an action in ejectment.  The respondent, who was plaintiff below, alleged that he was the owner in fee, and entitled to the possession, of certain real property situated in the city of Spokane; that the appellants were wrongfully in possession of the same, and wrongfully and unlawfully withheld such possession from him, to his damage in the sum of $350.  The appellants answered, admitting the respondent's title to the property; that they were in possession, and withheld such possession from the respondent; but denied that such possession or withholding of possession was wrongful or unlawful; and, by way of an affirmative defense, alleged that they were in possession under a contract of purchase, entered into between themselves and respondent, by the terms of which they were entitled to possession, and which contract they were then, and at all times had been, ready and willing to perform.  For reply the respondent denied the new matter in the answer, and,

on the issues thus made, a trial was had before the court, resulting in a finding and judgment for the respondent.

The questions suggested by the assignments of error are almost wholly questions of fact. It appears that in January, 1900, at a time when the property was vacant, the appellants contracted to purchase the same from one Clark for $350, paying $50 down on the same and agreeing to pay $100 more on or before the 1st day of May, 1900, and the balance ($200) on or before the 1st day of May, 1901. Before the contract became delinquent, the appellants commenced the erection of a house on the land, and borrowed considerable sums of ·the respondent's father, which were used in the construction of the house. These sums, so the father testifies, were loaned under a promise of repayment on short time; the appellants representing that they had resources from which the money could be obtained. Later on, they informed him that the money would not be forthcoming from the expected source, whereupon the respondent, to protect these advancements, took an assignment from the appellants of the Clark contract, paid the balance due on the purchase price, and took a deed to the property, advancing some $1,800 or $1,900 in the transaction. It further appears that there was some sort of an understanding between the parties to the effect that the appellants were to have an opportunity to repurchase the property on the installment plan. The appellant Charles F. Gay testified that an oral contract of that purport was entered into, but was unable to give any very definite recital of what its terms and conditions were. On the other hand, both the respondent and his father say that no such contract was entered into. They say, however, that one was talked over, and that they went so far

as to reduce it to writing, a draft of which is in the record, but say that the appellants refused to execute that, or any other contract of like import, and that in fact no contract for the purchase of the premises by the appellants, or either of them, had ever been entered into. As the respondent made a *prima facie* case on his right to recover, he was entitled to prevail, unless the appellants made out their affirmative defense by a preponderance of the evidence. This, it seems to us, they wholly failed to do, and, as this is in accord with the findings of the trial court, its findings will not be disturbed.

Complaint is made that the court erred in refusing to permit the witness Gay to answer certain questions propounded him by his counsel "direct in defense." As a perusal of the record, however, shows that the witness was afterwards permitted to answer fully the questions objected to, and that his answers thereto are now in the record, we cannot think it reversible error to have rejected them at the time complained of, even conceding that they were then admissible. The trial was before the court without a jury. In such a case, the order in which the evidence is presented can never be so material as to require the cause to be sent back for further evidence.

The judgment is affirmed.

HADLEY, ANDERS, MOUNT, and DUNBAR, JJ., concur.